

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. J. C. Gowdy
County Auditor
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-1790
Re: Does the commissioners' court have
authority to purchase an adding
machine for the school superinten-
dent under Article 2688 or is it
the duty and responsibility of the
school board to make such purchase?

Your request for an opinion upon the above
stated question has been received and considered by this
department. We quote at length from your letter as fol-
lows:

"The County School Superintendent of
this county has requested the Commissioners'
Court of this county to purchase an adding
machine for his office, same to be paid for
out of county funds.

"I find under Article 2688 Vernon's Anno-
tated Civil Statutes that the Superintendent
shall be provided by the Commissioners' Court
with an office in the Court House, and with nec-
essary office furniture and fixtures. We would
appreciate being advised by your department
whether or not an adding machine could be class-
ed under this provision and whether or not the
Commissioners' Court has authority to purchase
an adding machine for the School Superindendent,
or is it the duty and responsibility of the School
Board to make such purchase?"

Article 2688, Vernon's Annotated Civil Statutes,
after making provision for the election of a County Super-

Hon. J. C. Gowdy, Page 2

intendent provides as follows:

> (He)"shall be provided by the Commission-
> ers' Court with an office in the courthouse,
> and with necessary office furniture and fix-
> tures."

Additional statutory provisos pertinent to our question follow:

Article 3899b (2), Vernon's Annotated Civil Statutes, provides that:

> "Suitable offices and stationery and
> blanks necessary in the performance of their
> duties may in the discretion of the Commis-
> sioners' Court also be furnished to......
> County Superintendents........and may be paid
> for on order of the Commissioners' Court out
> of the County Treasury."

Article 2700, Revised Civil Statutes, 1925, after fixing the salaries of County Superintendents on a population basis provides:

> "In making the annual per capita appor-
> tionment to the schools, the county school
> trustees shall also make an annual allowance
> out of the State and county available funds
> for salary and expenses of the office of the
> county superintendent..... The county board
> of trustees may make such further provisions as
> it deems necessary for office and traveling
> expenses for the county superintendent...."

Article 2700 d-1, provides:

Sec. 1. "That ..... the salary and office expenses of the county superintendent of public instruction,....shall be paid out of the school funds of the common and independent school districts of the county."

Sec. 2. "That the County Board of Trustees shall annually....order a scholastic per capita

Hon. J. C. Gowdy, Page 4


superintendent. Further, we have been unable to find any other statutory or constitutional provision which might confer that necessary authority. Such was the construction given these statutory provisions in departmental opinion No. 2367, Book 56, page 127 dated September 22, 1921, by L. C. Sutton, Assistant Attorney General, to Hon. O. L. Crouch and which this opinion substantiates.

Therefore, it is our opinion and you are respectfully advised that the Commissioners' Court may not use money derived from the general funds of the county to purchase an adding machine for the county superintendent's office.

Trusting that the above satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_
Wm. J. Fanning
Assistant

By _Grundy Williams_
Grundy Williams

GW:AW


APPROVED JAN 10, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

